## ROCKEFELLER, GOVERNOR OF NEW YORK, ET AL. *v.* SOCIALIST WORKERS PARTY ET AL.

Decided July 11 and 22, 1970

See: 314 F. Supp. 984.

Memorandum of MR. JUSTICE HARLAN, Circuit Justice.

I consider the issues in this case are such as to entitle the State of New York to have them put to the Court itself before the judgment of the three-judge District Court is implemented. To that end I shall issue an order preserving the *status quo ante* upon terms which will enable the Court to determine, at its first Conference in October, what disposition should be made of the State's appeal, and whether the stay, which I am now granting, should be continued.

Supplemental Memorandum of MR. JUSTICE HARLAN, Circuit Justice.

The day following the announcement of the order of July 11, 1970, the appellees moved by telegram for reconsideration and vacation of that order. Among other things, they suggested that the Court might not, under

the course envisioned by my order, be able to take action relating to the State's appeal and the limited stay granted by me in time to enable the appellee parties' candidates to appear on the ballot for the November 1970 election in compliance with the judgment of the three-judge District Court, if this Court should determine that the operative effect of that judgment should be left undisturbed.

Considering that this suggestion, if it proved to be true, might require me to reconsider my order of July 11, I called on the parties to file memoranda and also set the matter for a hearing before me at the Federal Courthouse in Bridgeport, Connecticut, on July 20, 1970.

At the hearing it developed that these fears of the appellees were unfounded, so far as the State was concerned, and I have today received from the New York State Attorney General's Office the following telegram:

> "Re Rockefeller v. Socialist Workers Party, confirming representations made at July 20 hearing, in event stay not continued by full Court not later than October 27 appellees will be placed on ballot provided they have complied with election law as modified by District Court decree. Appellees will appear on absentee ballots subject to their votes being voided if full Court continues stay. Respectfully, Louis J. Lefkowitz, Attorney General of New York, attorney for appellants."

In light of the foregoing, the motion for reconsideration is denied, with leave to renew if the course of events contemplated by this memorandum turns out to be impossible of realization. In short, my purpose is to afford both sides an opportunity to have the District Court's decision considered by this Court before final preparation for the November 1970 election.

*Motion to vacate stay denied.*